

# OFFICE OF

# THE ATTORNEY GENERAL

## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 6, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. V-471

Re: Liability for gas production
tax under Article 7047b,
V.C.S., by virtue of submitted
contract between Chicago Cor-
poration and the Process Oil
Co.

     According to your letter request, the Process Oil Com-
pany, the owner of a gas producing oil and gas lease, entered into
a written contract with the Chicago Corporation, à processor of
natural gas, whereby the possession of the leasehold estate was
turned over to the Chicago Corporation to "develop, maintain and
operate." This contract provides in great detail the various duties
and obligations of the contracting parties and covers eighteen type-
written pages. The Chicago Corporation obligated itself not only
to operate the lease and produce the gas but agreed to process the
gas and market the liquid hydrocarbons recovered therefrom and
to market the residue gas or return same "to a gas reservoir un-
derlying or common to the leased premises." The contract pro-
vides that the Chicago Corporation shall own 55 per cent of the
liquid hydrocarbons recovered and that the Process Company shall
own the other 45 per cent; that the proceeds from the sale of resi-
due gas shall be divided one-half to Chicago Corporation and one-
half to Process Oil Company. In your written opinion request you
specifically ask three questions, but in a conference with your Di-
rector and Assistant Director of the Gross Receipts Tax Division,
we find that you desire our opinion as to who is primarily liable
for the payment of the occupation taxes due the State while such
lease is operated under the contract, and the proper tax to be
paid. Your letter request and other enclosures reveal that the
Chicago Corporation returns a part of the residue gas to a gas
formation other than the one from which the gas was produced,
and which gas formation is in a gas field in which Chicago Cor-
poration owns an interest, but the Process Oil Company does not.

     The pertinent provisions of Article 7047b, V.C.S. read
as follows:

     "Sec. 1. (1) There is hereby levied an occupa-
tion tax on the business or occupation of producing
gas within this State, computed as follows:

"A tax shall be paid by each producer on the amount of gas produced and saved within this State equivalent to five and two-tenths (5.2) per cent of the market value thereof as and when produced; provided that the amount of such tax on sweet and sour natural gas shall never be less than eleven-one hundred fiftieths (11/150) of one (1) cent per one thousand (1,000) cubic feet.

"In calculating the tax herein levied, there shall be excluded: (a) gas injected into the earth in this State, unless sold for such purpose; (b) gas produced from oil wells with oil and lawfully vented or flared; and, (c) gas used for lifting oil, unless sold for such purpose.

"(2) The market value of gas produced in this State shall be the value thereof at the mouth of the well; however, in case gas is sold for cash only, the tax shall be computed on the producer's gross cash receipts. In all cases where the whole or a part of the consideration for the sale of gas is a portion of the products extracted from the producer's gas or a portion of the residue gas, or both, the tax shall be computed on the gross value of all things of value received by the producer, including any bonus or premium; provided that notwithstanding any other provision herein to the contrary, where gas is processed for its liquid hydrocarbon content and the residue gas is returned by cycling methods, as distinguished from repressuring or pressure maintenance methods, to some gas producing formation, the taxable value of such gas shall be three-fifths (3/5) of the gross value of all liquids extracted, separated and saved from such gas, such value to be determined upon separation and extraction and prior to absorption, refining or processing of such hydrocarbons and the quantity of the products shall be measured by the total yield of the processing plant from such gas.

"(4) The tax hereby levied shall be a liability of the producer of gas and it shall be the duty of each such producer to keep accurate records in Texas of all gas produced, making monthly reports under oath as hereinafter provided."

"Sec. 2. (1) For the purpose of this Act 'producer' shall mean any person owning, controlling, managing, or

leasing any gas well and/or any person who produces in any manner any gas by taking it from the earth or waters in this State, and shall include any person owning any royalty or other interest in any gas or its value whether produced by him, or by some other person on his behalf, either by lease, contract, or otherwise."

"Section 2a. (1) The tax herein imposed on the producing of gas shall be the primary liability of the producer as hereinbefore defined, and every person purchasing gas from producer thereof and taking delivery thereof at or near the premises where produced shall collect said tax imposed by this Article from the producer. . .

"(3) The tax hereby levied shall be a liability upon the producer, the first purchaser, and/or subsequent purchaser or purchasers as herein provided."

Chicago Corporation will be hereinafter referred to as Chicago, and the Process Oil Company, as Process.

After careful study of the contract in question, it is our opinion that Chicago and Process are joint producers and processors of the gas in question in that the whole operation as disclosed by the contract is in the nature of a joint venture. Each furnishes a part of the physical properties in which each retains the title to its property, but share in the profits derived from such operations. Both Chicago and Process are producers as defined by Section 2 (1) of Article 7047b, V.C.S. quoted above.

It is therefore our opinion that both Chicago and Process are primarily liable for the occupation taxes accruing by virtue of the production of gas from the gas wells in question. Of course, the royalty owners, if any, are primarily liable as gas producers of their pro rata part of the production.

The market value of the gas produced at the mouth of the well is determined as follows:

1st. In the event that part of the gas (in its original state as produced at the mouth of the well) is sold for cash by Chicago and Process and is not re-cycled by the purchaser or a subsequent purchaser, the market value of such gas should be computed on the gross cash receipts.

2nd. In the event that Chicago and Process sell a part of the gas (in its original state as produced at the mouth of the well)

and the purchaser or a subsequent purchaser does not re-cycle such gas, and Chicago and Process receive as a consideration therefor a portion of the products extracted or a portion of the residue gas, or both, the market value of such gas should be computed on the gross value of all things of value received by Chicago and Process including any bonus or premium.

3rd. The market value of that portion of the gas that is processed, under the terms of the contract, for its liquid hydrocarbon content and the residue gas returned by cycling methods to a gas-producing formation, whether such formation is the same as that from which produced or not, should be computed on three-fifths of the gross value of all liquids extracted, separated and saved from such gas.

4th. The market value of that portion of the gas that is processed for its liquid hydrocarbon content and the residue gas not re-cycled, shall be determined by the gross value of the liquid hydrocarbons recovered and the gross value of the residue gas, less the cost of processing the gas and marketing the residue gas and the recovered liquid hydrocarbons.

## SUMMARY

The Chicago Corporation and the Process Oil Company, under the facts submitted, are joint producers and processors of the gas in question and are both primarily liable for the gas production taxes accruing by virtue of Art. 7047b, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *W. V. Geppert*

W. V. Geppert
Assistant

WVG/JCP

APPROVED:

*Price Daniel*

ATTORNEY GENERAL